UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER M. PROBST, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) ) CASE NO. 1:22-cv-01986-SEB-MKK |
| ELI LILLY AND COMPANY and, LILLY USA LLC, | ) ) ) ) |
| Defendants. | ) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff, Jacob Lynch ("Plaintiff"), by and through his counsel, respectfully submits this Supplemental Memorandum of Law in Support of his Motion for Preliminary Approval of the amended class action settlement agreement reached in this matter.

On September 8, 2023, Plaintiff filed his Unopposed Motion for Preliminary Approval of Class Action Settlement (doc. 46) and supporting Memorandum of Law (doc. 47) (the "Preliminary Approval Motion"). In the Preliminary Approval Motion, Plaintiff requested that the Court approve a classwide settlement of his claim that Defendants, Eli Lilly and Company and Lilly USA LLC (collectively, "Lilly"), violated the Indiana Wage Assignment Statute, I.C. 22-2-6-2 by allowing Indiana-based employees to voluntarily reduce their wages in order to purchase additional vacation time (the "Vacation Purchase Claim"). The proposed class (the "Rule 23 Class") consists of all Indiana-based Lilly employees who purchased additional vacation time under Defendant's Holiday and Vacation Plan, a component plan of The Lilly Employee Welfare Plan (the "H&V Plan"), between October 10, 2020 and the date of preliminary approval.

Plaintiff also stated in the Preliminary Approval Motion that, after investigation, his counsel had determined that a separate class claim alleging improper deductions for employees' personal use of their company-owned vehicles ("the Fleet Claim") was not viable and thus was not included in the class settlement. (Doc. 47 at 4).

On November 2, 2023, the Court held a hearing on the Preliminary Approval Motion. At the hearing, the Court expressed concern that the release language contained in the parties' Stipulation of Settlement could be read as releasing the Fleet Claim on a classwide basis. At the hearing, the parties stated that the intent of the class settlement was to release only the Vacation Purchase Claim, and not the Fleet Claim. To avoid any ambiguity, the parties agreed to amend both the Stipulation of Settlement and the section of the proposed class notice (the "Class Notice") describing the scope of the release.

Accordingly, the parties have entered into an Amended Stipulation of Settlement (the "Amended Stipulation"). Paragraph 57 of the Amended Stipulation clarifies the scope of the release by a) revising the definition of Released Claims to limit them to "the claims alleged on a classwide basis in the Lawsuit as amended"; and b) adding a disclaimer at the end of the paragraph that the classwide release "does not include any claims relating to the allegations of 'Fleet Basic' wage deductions asserted on an individual basis only in Section IV.B. of the First Amended Complaint."[1] The parties have made corresponding edits to the Class Notice. Executed and redlined versions of the Amended Stipulation are attached hereto as Exhibits A and B, respectively.

---

[1] On August 29, 2023, Plaintiff filed an Amended Complaint which asserts only the Vacation Purchase Claim on a classwide basis and asserts the Fleet Claim on an individual basis only. (Doc. 43).

Clean and redlined versions of the revised Class Notice are attached hereto as Exhibits C and D, respectively.[2]

As the Amended Stipulation and Class Notice have clarified the scope of the class release and addressed the Court's concerns, Plaintiff respectfully requests that his Motion for Preliminary Approval be granted.

Dated: November 15, 2023                                Respectfully submitted,

/s/ *Robert P. Kondras, Jr.*

Robert P. Kondras, Jr.
100 Cherry Street
Terre Haute, IN 47807
Phone: (812) 232-9691
Fax: (812) 234-2881
kondras@hkmlawfirm.com

Scott S. Luzi
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, WI 53005
(262) 780-1953
(262) 565-6469 – fax

***Attorneys for Plaintiff***

---

[2] At the November 2nd hearing, the Court mentioned that the Class Notice referenced the Northern District of Illinois, rather than the Southern District of Indiana, as the court having jurisdiction over this matter. Counsel were unable to find that error but, in any event, the revised Class Notice references the Southern District of Indiana.