IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER M. PROBST individually, and JACOB LYNCH, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CASE NO.: 1-22-cv-01986-MKK-SEB |
| ELI LILLY AND COMPANY, LILLY USA LLC, | ) ) ) ) |
| Defendants. | ) |

***PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM OF LAW SEEKING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT***

***I. INTRODUCTION***

The Plaintiff Class asserts claims which relate to the payment of wages to employees of Defendants Eli Lilly and Company and Lilly USA LLC ("Defendants," the "Company," or "Eli Lilly") from as early as October 10, 2020 to November 21, 2023 (the date of preliminary aprpoval). Specifically, the class includes persons employed by Defendants to work for it in the State of Indiana from as early as October 10, 2020 to November 21, 2023 who voluntarily reduced their wages in order to purchase additional vacation time, which Plaintiffs alleges were improper wage deductions that did not comply with I.C. 22-2-6-2. This Motion seeks final approval of the Class Action Settlement Agreement and Release (the "Class Action Settlement Agreement"), which was granted preliminary approval on November 21, 2023 [Filing No. 52.]. Consistent with the Court's Order [Filing No. 53.], this motion seeks final approval of the parties' Rule 23 Class settlement agreement, approval of a service award, and provides a Plan of Allocation regarding the common fund created by the parties' settlement.

## *II. F*ACTUAL AND *P*ROCEDURAL *B*ACKGROUND

The original Plaintiff, Jennifer Probst filed the original action on October 10, 2022 in the United States District Court for the Southern District of Indiana, Case No. 1-22-cv-01986-MKK-SEB.

Lynch will serve as the Rule 23 class representative for class of current and former Indiana employees of Lilly who had one or more wage reductions in the category called "Vacation Purchase" taken from their wages at any time from October 10, 2020 through November 21, 2023.

The preliminarily approved Class Action Settlement Agreement required the creation of the following settlement class for the purpose of effectuating the agreement. All Indiana-based employees of Defendant who purchased vacation time under Defendant's Holiday and Vacation Plan, a component plan of The Lilly Employee Welfare Plan (the "H&V Plan") between October 10, 2020 and the date (November 21, 2023) on which the Court enters an Order preliminarily approving the terms and conditions of this Stipulation of Settlement.

If the Class Action Settlement Agreement is approved, each class member will receive a significant refund or rebate of the monies that he/she paid toward the H&V Plan. Each member of the settlement class will receive a proportional, *pro rata* share of the amount Defendants have agreed to pay the class.

### a. Class Participation Following Notice of the Class Action Settlement

Consistent with the Court's orders, Notices of the Class Action were mailed to Rule 23 class members on December 21, 2023. Claim Forms were mailed as part of that Notice. As the Court ordered [Filing No. 53.], the class was provided notice that any objections or opt out notices were due by no later than February 19, 2024.

Through the date of filing of this motion, only a very few individuals have filed notice

with the Court and/or sent notice to Plaintiffs' counsel indicating that he/she wishes to opt out of the Class Action Settlement Agreement.

To the undersigned's knowledge and information, no one has filed any objection to the settlement itself, to the proposed payments to class members, to the proposed attorney's fees and expense reimbursements or to the proposed service awards to lead plaintiffs.

Further, the Class Administrator actually sent individual information in the Class Notice that told each Class Member the total Vacation Purchases that had been reduced from his/her wages and the amount the class member would individually receive as a pro rata payment under the terms of the Settlement Agreement.

### b. Plan of Allocation

Based upon the parties' Class Action Settlement Agreement, preliminarily approved on November 21, 2023 [Filing No. 52.], the class action common fund shall be allocated as follows, based upon current opt in and opt out claims filed:

| | |
|---|---|
| OVERALL SETTLEMENT AMOUNT - | $2,935,000.00 |
| Less Agreed Upon Attorney's Fees – | $ 978,333.33 |
| Less Agreed Upon Costs – | $ 8,500.00 |
| Net Settlement Fund – | $1,948,166.67 |
| Less Agreed Upon Incentive Awards – | $ 15,000.00 |
| Estimated Class Administration Costs - | $ 40,000.00 |
| Adjusted Net Settlement – | $1,893,166.67 |

### c. Incentive/Service Payments to Class Representatives

The Court preliminarily approved a Service Payment to the Class Representative Jacob Lynch in recognition of the time he spent and the risk he undertook in prosecuting this lawsuit,

3

and his service to the Settlement Class. Those Service Payment is as follows:

A payment of $15,000.00 to Plaintiff Jacob Lynch. Mr. Lynch is the Indiana Rule 23 Class Representative, and agreed to intervene in Ms. Probst's case to preserve the Rule 23 claims under the Indiana Wage Payment Statute. Ms. Probst was based in Wisconsin during her employment, so Mr. Lynch was needed to represent Indiana-based Rule 23 class members and to preserve class-wide claims under the Indiana Wage Payment Statute for Indiana class members. Without Mr. Lynch, the Rule 23 claims would not have been preserved.

### III. LEGAL ARGUMENT

#### A. *The Court Should Grant Final Approval of the Class Action Settlement*

The Class Action Settlement Agreement was negotiated at arms'-length and the terms are favorable to all class members when compared with the potential benefits and risks of further litigation. See *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010). For FLSA purposes, the Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching. Id. The following factors are to be considered:

> "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation."

*Id.*

For purposes of approving a Rule 23(b)(3) class action settlement, a class settlement must be "fair, adequate and reasonable." FRCP 23(e)(2). The Court is to act as a fiduciary to the class members when considering whether the settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014). As one district court within the Seventh Circuit

recently articulated:

> " In assessing a settlement's fairness, "relevant factors include: (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) [the] stage of the proceedings and the amount of discovery completed."

*In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, MDL No. 2492, 2016 WL 305380, at *6 (N.D. Ill. Jan. 26, 2016) (quoting *Wong*, 773 F.3d at 863). Federal courts naturally favor the settlement of class action litigation. *See EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888-889 (7th Cir. 1985) (noting "the general policy favoring voluntary settlements of class action disputes") (citations omitted); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be encouraged.") (citations omitted); *see also* WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 13.1 (5th ed. Supp. 2015) (noting that there is "a 'strong judicial policy in favor of class action settlement'"); *id.* at § 13.44 ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals. Settlement is generally favored because it represents a compromise reached between the parties to the suit and relieves them, as well as the judicial system, of the costs and burdens of further litigation."). Where, as here, "the size of the class is small, the cost of notice minimal, and the issues discrete, the court may be able to determine that class certification is proper and the settlement is 'within the range of possible approval' with minimal fuss." *In re Nat'l Collegiate Athletic Ass'n*, 2016 WL 305380, at *6.

In the present case, the Class Action Settlement Agreement meets the fairness requirements for multiple reasons. First, prior to entering into the settlement, the Parties engaged in significant discovery. Each side was able to project potential damages. Experts were not

needed, because Lilly was able to produce data showing the cumulative sum of "Vacation Purchase" wage reductions it took from class members from October 10, 2020 forward. This enabled the Parties to determine the scope of potential damages and to assess the strengths and weaknesses of their respective positions.

Second, in light of the assessment of the strengths and weaknesses of their applicable positions, the settlement reached by the Parties provides a substantial recovery to class members. The parties disagreed about liability, the composition of the Rule 23 class and the likely damages if the Plaintiffs' claims were successful, but the sum pays a settlement award to every Indiana class member.

"Courts have approved settlements even though, unlike here, the benefits amounted to only a small percentage of the potential recovery." *Goldsmith v. Tech. Solutions Co.*, No. 92 C 4374, 1995 WL 17009594, at *5 (N.D. Ill. Oct. 10, 1995) (citations omitted); *see also Reamer*, 2014 WL 6388735, at **2, 8 (granting preliminary approval of settlement that awarded one hundred percent of wages deducted and about one third of the maximum liquidated damages available under Indiana law); *Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2008) (approving settlement of 20% of the best possible recovery and noting courts have approved settlements amounting to 15% and 17% of the best possible recovery) (citations omitted); *Godshall v. Franklin Mint. Co.*, No. 01-CV-6539, 2004 WL 2745890, at *5 (E.D. Pa. Dec. 1, 2004) (finding proposed settlement amount of 46% of the best possible outcome to be reasonable); *In re Newbridge Networks Sec. Litig.*, No. Civ. A. 94-1678-LFO, 1998 WL 765724, at *2 (D.D.C. Oct. 28, 1998) (stating that an agreement securing between six and twelve percent of the potential trial recovery "seems to be within the targeted range of reasonableness").

Third, all involved would benefit from settlement as it provides a means of avoiding the reality of protracted and uncertain litigation on the issues involved in this case. Adding to the

reasonableness of the settlement, and to quote from the Northern District of Indiana, "class members will obtain these benefits much more quickly than had the parties not settled," and "even if the case reached trial, the class members would not receive benefits for many years, if they received any at all." *Id.* at \*7 (quoting *Swift v. DirectBuy, Inc.*, Nos. 2:11-cv-401, 2:11-cv-415, 2:11-cv-417, 2:12-cv-45, 2013 WL 5770633, at \*5 (N.D. Ind. Oct. 24, 2013)).

Moreover, no one has objected to the settlement.

### B. *The Service Award to the Lead Plaintiff is Reasonable and Warranted*

"Service or incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs. *Knox v. Jones Group*, 2017 WL 3834929 \*2 (S.D. Ind. Aug. 31, 2017). See also, *Espenscheid v. DirecSat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing the importance of incentive awards). "Accordingly, incentive awards are commonly awarded to those who serve the interests of the class." *Knox*, 2017 WL 3834929 at \*2, citing *Massiah v. MetroPlus Health Plan, Inc*., 2012 WL 5874655 \*8 (E.D.N.Y. Nov. 20, 2012) (collecting cases). "In examining the reasonableness of the requested service award, courts consider: (1) the actions the plaintiff has taken to protect the interests of the class, (2) the degree to which the class has benefitted from those actions, and (3) the amount of time and effort the plaintiff expended in pursuing the litigation." *Knox*, 2017 WL 3834929 at \*2, citing *Cook*, 142 F.3d at 1016; *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc*., 2012 WL 651727 \*16 (N.D. Ill. Feb. 28, 2012).

This $2,935,000.00 class and collective action settlement would not have been possible without Indiana Lead Plaintiff Jacob Lynch. Mr. Lynch was needed to create any Rule 23 class action claims in the first instance and agreed to serve as a Named Plaintiff when the Complaint

was amended. Mr. Lynch had voluntarily quit his employment with Defendants previous to the filing of this lawsuit and Lynch was willing to take the role of Rule 23 Class Representative. Lynch actively participated in gathering information, meeting with his attorney, participating in planning, and, ultimately, making decisions regarding the settlement. The $15,000 service award agreed to by the parties and preliminarily approved by the Court is well within the realm of reasonableness of similar service awards within our Circuit. See *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566 * 3 (N.D. Ill. Nov. 29, 2016) (approving $12,500 service award to two plaintiffs in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Co.*, 2016 WL 7451623 **3-4 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four plaintiffs in FLSA settlement for a total of $40,000 in service awards). *Chesemore v. Alliance Holdings, Inc.*, 2014 WL 4415919 **5, 12 (W.D. Wis. Sept. 5, 2014) ($10,000 and $25,000 awards for, *inter alia*, submitting to discovery and participating in settlement discussions).

Finally, incentive awards must be paid from the common fund. *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015). Plaintiffs request final approval of the service awards to the Lead Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs request that, after conducting the Final Fairness Hearing on April 9, 2024, the Court grant Final Approval of the Class Action Settlement Agreement, which was preliminarily approved on November 21, 2023 [Filing No. 52.], grant all requested attorney's fees, costs, expenses and Lead Plaintiff service award, and order that class common funds be distributed to all participating class members. Plaintiffs request any and all other relief just and proper in the premises.

Dated:

                        Respectfully submitted,

                        HASSLER KONDRAS MILLER LLP

                        By/s/Robert P. Kondras, Jr.
                        Robert P. Kondras, Jr., Attorney No. 18038-84
                        100 Cherry Street
                        Terre Haute, IN 47807
                        Telephone: (812) 232-9691
                        Facsimile: (812) 234-2881
                        kondras@hkmlawfirm.com

                        Scott S. Luzi
                        WALCHESKE & LUZI, LLC
                        235 N. Executive Drive, Suite 240
                        Brookfield, WI 53005
                        (262) 780-1953
                        (262) 565-6469 – fax

                        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing pleading was filed with the Court electronically on January 25, 2024. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Michael R. Phillips
Joel H. Spitz
77 W. Wacker Dr., 41st Floor
Chicago, IL 60601
jspitz@mcguirewoods.com
mphillips@mcguirewoods.com

                        HASSLER KONDRAS MILLER LLP


                        /s/Robert P. Kondras, Jr.
                        Robert P. Kondras, Jr.