UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER M. PROBST, | ) | |
| JACOB LYNCH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01986-MKK-SEB |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| LILLY USA LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter comes before the Court on Plaintiffs' Unopposed Motions for

Final Approval of Class Action Settlement, Dkt. [57] and for Class Counsel's

Attorney's Fees, Dkt. [58]. All parties in this matter have consented to the

jurisdiction of the Magistrate Judge. (Dkt. 44). For the reasons given below, the

Court GRANTS both motions.

## I.     Background

This is a class action against Defendants Eli Lilly and Company and Lilly

USA LLC for alleged improper paycheck deductions.[1] Plaintiffs allege that

Defendants made deductions from employee paychecks for a "vacation purchase

---

[1] Plaintiff Jennifer Probst also brought a second claim for improper vehicle leasing deductions as part of the original suit (the "fleet claims"). (Dkt. 1 at ¶¶14-21; Dkt. 43 at ¶¶41-49). Plaintiffs' counsel determined the fleet claims were non-viable as a class action, and further determined any class representative for the "vacation purchase plan" claims needed to be from Indiana. (Dkt. 57 at 7-8). Following those developments, original class representative Jennifer Probst, who lives is Wisconsin, (Dkt. 1 at 1), was replaced as class representative by Jacob Lynch, and Probst's fleet claim was settled individually. (Dkt 47 at 4). The parties have not entered into any agreement regarding any potential fleet claims of class members. (*See* Dkt. 52 at 10 n.3; Dkt. 51).

1

plan" in a manner inconsistent with Indiana law. (Dkt. 1 at ¶¶4-6; Dkt. 43 at ¶¶6-8). Following discovery and a full day of private mediation, the parties reached a settlement to resolve the vacation purchase plan claims. (Dkt. 47 at 3-5). After mediation, the pleadings were amended to add Jacob Lynch as Class Representative and Lilly USA LLC as a defendant. (Dkt. 43).

The proposed settlement and class were submitted to the Court for preliminary approval. (Dkt. 46). The details of the settlement, as previously summarized by the Court, are as follows:

> The settlement creates a "Gross Settlement Fund" of $2,935,000. (Dkt. 46-1 at ¶20). From this fund, class counsel can seek up to one-third of the money as their fees and costs, the Class Representative (*i.e.*, Plaintiff Lynch) can seek up to $15,000 as an incentive payment, and approximately $40,000 will be used to administer the fund. (*Id.* at ¶¶32-34). The remaining money will be distributed among the class members proportional to each member's withheld wages. (*Id.* at ¶35). This process is opt-out: class members who do not affirmatively object or otherwise remove themselves from the settlement will receive a payout from the fund. (*Id.* at ¶¶46-48).

(Dkt. 52 at 2). The Court held a hearing with the parties to clarify the finer points of the settlement, resulting in an amended settlement stipulation. (Dkts. 50, 51). Following this revision, the Court granted preliminary approval of the class and settlement, approved a revised class action notice, (Dkt. 53-3), and appointed class counsel, class representative, and a claims administrator. (Dkt. 52 at 12).

Following notice to the class, 29 of the approximately 6,000 class members opted out of the settlement. (Dkt. 60). No class members objected to the settlement. (Dkt. 57 at 7). The claims administrator notified class members of the fairness

2

hearing that the Court held on April 9, 2024. (There was also a website created for the class.) No member of the class appeared or objected at the fairness hearing. (Dkt. 61).

Class counsel filed motions to approve the settlement and for attorney's fees. (Dkts. 57, 58). As anticipated, class counsel requests one-third of the Gross Settlement Fund in fees. (Dkt. 58 at 1). Likewise, a service award of $15,000 is requested for Class Representative Lynch. (Dkt. 57 at 7).

## II.   Law

Approval of a class action settlement is a three-step process. First, the court grants preliminary approval of the settlement, if appropriate. Then, after notice is sent to the class, the court holds a fairness hearing. And then the court approves the settlement for good. *See, e.g.*, *Adams v. Aztar Ind. Gaming Co., LLC*, No. 3:20-cv-00143-MPB-RLY, 2023 WL 2197075, at *2 (S.D. Ind. Feb. 24, 2023) (discussing the class action settlement approval process); Fed. R. Civ. P. 23(e).

Final approval of a class action settlement is governed by Federal Rule of Civil Procedure 23(e)(2), which requires that the Court find the settlement "fair, reasonable, and adequate." In doing so, the Court considers whether:

(A)   the class representatives and class counsel have adequately represented the class;
(B)   the proposal was negotiated at arm's length;
(C)   the relief provided for the class is adequate, taking into account:
    (i)   the costs, risks, and delay of trial and appeal;
    (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

## III.    Discussion

The settlement in this case was granted preliminary approval on November 21, 2023. (Dkt. 52). A fairness hearing was held before the undersigned on April 9, 2024, at which no member of the class appeared or objected. (Dkt. 61). Now the Court considers whether to grant final approval. The Court previously considered the Rule 23(e)(2) factors when granting preliminary approval of the proposed settlement. (Dkt. 52). The Court's conclusions, reached when granting preliminary approval, have been reaffirmed by the briefing and hearing on final approval. No new developments have altered the Court's conclusions regarding: the acceptable performance of class counsel and class representatives; that the settlement was reached after arm's length negotiation; that the relief provided to the class is adequate considering the costs and risks of further proceedings and proposed distribution of the settlement to the class; or that the settlement treats class members equitably relative to each other. (Dkt. 52 at 7-11). (When asked by the Court at the fairness hearing, counsel stated that none of the participating class members has disputed the wage information provided to them by the claims administrator.)

At the final approval stage, the Court considers the two factors for which additional briefing has been provided: the award of attorney's fees to class counsel, and the fee paid to the class representative.

### A.    Attorney's Fees

Plaintiffs' counsel seeks one-third of the overall settlement amount, or $978,333.33. (Dkt. 58 at 1). When considering fees deducted from a class's damages, the Court considers a "hypothetical *ex ante* bargain between the class and its attorneys" to see if the fees are reasonable. *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011). Two factors are usually considered: the market rate for attorney's fees, and the risk of non-payment at the start of the case. *Id.* Here, both considerations support the fee as requested.

Starting with the market rate, a one-third share of the gross recovery for counsel is a standard rate for contingent litigation work. *See Heekin v. Anthem, Inc.*, No. 1:05-CV-01908-TWP, 2012 WL 5878032, at *3 (S.D. Ind. Nov. 20, 2012) (collecting cases). It is, in effect, the market rate. Here, the risk of non-payment supports attorney's fees that are in line with the market rate. As discussed at preliminary approval and at the fairness hearing, Defendant had multiple available defenses that could have forestalled recovery by the class. (Dkt. 52 at 9-10). Furthermore, class counsel has worked nearly two years on this case without payment and could have worked for several more years without payment had a settlement not been reached. In view of these risks, which would have been apparent at the start of the case, one-third of the overall settlement is a reasonable and fair fee for class counsel.

### B.    Class Representative Fee

The Court next considers the fee paid to the class representative for their effort and involvement in the litigation process. Here, the requested fee is $15,000. (Dkt. 57 at 3-4). Class representative Mr. Lynch agreed to serve as class representative, replacing a previous, ineligible class representative. (*Id.*). Without his willingness to participate, the class may well have received no recovery. (*Id.*). As class representative, he participated in the mediation which led to this settlement agreement. (*Id.* at 8). It is also widely recognized that class representatives shoulder direct and indirect risk—should a suit fail, they may find themselves on the hook for costs or even fees. *Castillo v. Noodles & Co., No.* 16-CV-03036, 2016 WL 7451626, at *3 (N.D. Ill. Dec. 23, 2016). Considering the effort expended by Mr. Lynch, his essential role in securing this settlement, and the non-insignificant risk he agreed to shoulder, the requested fee is reasonable and the Court will approve it.

## IV.    Conclusion

The Court's conclusions at preliminary certification have been affirmed on final approval, and the requested attorney's and class representative fees are reasonable as discussed above. Therefore, the Court finds the settlement is "fair, reasonable, and adequate" under Rule 23(e).

The Court GRANTS FINAL APPROVAL of the Class Action Settlement Agreement, Dkt. [57], and GRANTS Plaintiffs' Motion for Approval of Class Counsel Fees, Dkt. [58]. This matter is DISMISSED WITH PREJUDICE and without fees,

costs, or disbursements to any party, except as provided in the Settlement

Agreement as to Plaintiffs' counsel fees and costs.

     SO ORDERED.

Date: 05/07/2024

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system